IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BILLY RICHARD RENFRO, JR., PRO SE, § <br> TDCJ-CID No. 1692159, § <br> Previous TDCJ-CID No. 588676, § <br> TDCJ-CID No. 1213415, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TOSHA JAMES, Unit Health Administrator, § <br> § <br> Defendant. § | 2:12-CV-0156 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BILLY RICHARD RENFRO, JR., acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims that, on November 22, 2011, his trust fund account statement show he was charted $196.74 for medical care. He says his challenged through the grievance process resulted in $100.00 being refunded to him, but plaintiff argues he should be refunded the remaining $96.74 as well. Plaintiff alleges prison officials informed him the medical care charge of $96.74 was a remainder from a previous incarceration in TDCJ, which he discharged before August of 2000. Plaintiff says prison officials have informed him he cannot challenge the $96.74 charge through the grievance process because he has only ninety days from the date the charge accrues in which to challenge it by a grievance. Plaintiff says he was never notified he owed the $96.74 until it was collected and in 2011.

Plaintiff requests that the $96.74 be refunded and defendant be ordered to pay his cost for filing suit.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff appears to be claiming a deprivation of due process; however, plaintiff has an adequate state post-deprivation remedy for any alleged unauthorized deduction of money from

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

his inmate trust account. Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). A prisoner's due process rights are not violated by the confiscation of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)(holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983); *Shaw v. Painter*, No. 97-51017, 165 F.3d 23, 19098 WL 870339 (5th Cir. Nov. 27, 1998).

Thus, plaintiff's allegations fail to state a claim of constitutional dimension.

Plaintiff's claim against defendant JAMES fails to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff BILLY RICHARD RENFRO, JR., is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

. LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of October, 2012.

MARY LOU ROBINSON
United States District Judge